NO. 11-13-00284-CR    868-15
NO. 11-13-00285-CR    869-15

In the Court of Criminal Appeals of Texas

unlawful possession )( Appellants Discretionary
of a firearm
cause nos. CR. 21838         ORIGINAL
app. nos. 11-13-00284-CR
Marc Shawn Walden     Review with Petition
   appellant pro se
      V                      )(
The State of Texas
   appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 29 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
JUL 29 2015
Abel Acosta, Clerk

Possession of controlled )(
substance with intent to
deliver
cause nos. CR. 21977
app. nos. 11-13-00285-CR
Marc Shawn Walden
   appellant pro se
      V.                     )(
The State of Texas

The Elevent Court

)( of Appeals

TRAP 68, Discretionary Review with Petition
   Now comes Marc Shawn Walden, appellant pro se in the
above entitled and numbered cause, with intent of for-
mal request to court of Criminal Appeals, in author-
ity over, The State of Texas, to accept and ~~review~~
review this Petition.

   This Petition is in regards, to the 11th & Dist. Cou-

rt of Appeals, decision on the criminal cases listed above. The only issues presented, is trial ~~court~~ court erred in denying motion to suppress evidence.

Appellant pro se, with no hope of transend, brings befor this court, Petition for Discretionary Review.

## Prayer for Review

I, Pray that this be thee Honorable Court of Texas. That is Blind Folded from any Favoritism, in one hand holds, the True Scale of Justice, and in the other is held, the Double Edge Sword that Cut at any Error brought befor this Court.

## Inmate Declaration

I, Marc shawn Walden, Appellant pro se being currently incarcerated in the TDCJ at the H. H. Coffield Unit in Tennessee colony, Anderson County, Texas, Now brings before this court a P.D.R. and declaring under the penalty of perjury that the foregoing sta-

ii

tements are true and correct to the best of my knowledge as a Appellant under pro se with no hopes of transcend, only hope of right under pro se.(To be heard)

Executed on this 24th day of July, 2015

Respectfully Submitted

Marc Shawn Walden

TDCJ-ID#1874774
H.H. Coffield unit
2661 F.M. 2054
Tennessee colony,
Texas
-75884-

written Copy
U.S. Mail
to
Court of Criminal
appeals of Texas  ¡¡¡

<u>NO. 11-13-00284-CR</u>
<u>No. 11-13-00285-CR</u>
In the
Court of Criminal Appeals of Texas

Marc Shawn Walden v. State of Texas

On Discretionary Review with Petition
from the 11th court of Appeals, of Eastland
John M. Bailey Texas Panel consist of: Wright, C.J.
memorandum opinion Willson, J. and Bailey, J.

Petition Brief of Appellant pro se,
Marc Shawn Walden

Oral Argument is Requested

Marc Shawn Walden
TDCJ-ID#1874774
H. H. Coffield unit
2661 F.M. 2054
Tennessee Colony,
Texas
-75884-iv

# Table of Contents

Appellant pro se, profile introduction TRAP.68 . . . i

Prayer for Review. . . . . . . . . . . . ii

Inmate Declaration. . . . . . . . . ii, iii

Identity of Judg, Parties, and Counsel. . . . IV

Table of Contents . . . . . . . . . V

Index of Authorities

Statutes . . . . . . . . . . . . . VI

Index of Authorities

Cases . . . . . . . . VI, VII, VIII

Other sources . . VIII

Statement Regaurding oral argument. . . 1

Statement of cases . . . . . . . 1, 2

Statement of procedural history . . . , 2

Ground for Review . . . . . . . . 2

Argument . . . . . . . . . 2-17

Conclusion. . . . . . . . 17-19

Praye for Relief. . . . . . 19, 20

Inmate Declaration . . . . . 21

Exhibit 1. . . . . . Exhibit 1

appendix
Exhibit 2 . . . Exhibit 2

V

# Index of Authorities

## Statutes

Tex. Const. Art 1§9 . . . . . . . . . 3, 5, 6, 18,

Tex. Gov't. Code Ann §311.001 . . . . . . . . 10,

Tex. Gov't. Code Ann§ 311.011(a) . . . . . . . 10

Tex. Gov't. Code Ann. § 311.011(b) . . . . . . 11

Tex. Rules. Evid. 503(c) (lawey clint priu) . 20

U.S. Const. Amend. 4 . . . . . . . . 3, 6, 9, 18

U.S. Const. Amend. 5 (due process) . . . . . 8

## Cases

(sorry about mistake)

Arkansas v. Sullivan U.S. 121 S.Ct. 1876, 1878 (2001 Per Curium) . 9

Amores v. State, 816 S.W. 2d 407, 415
(Tex. Crim. App. 1991) . . . . . . . . . 6

Atkinson V. State, 848 S.W. 2d 813, 815
(Tex. App. Houston (14th Dist.) 1993). . . . . . . 6

Beck v. State of Ohio, 379 U.S. 89, 91,
85 S.Ct. 223, 225 (1964). . . . . . . . 3

Boykin V. State, 834 S.W. 2d 681, 683
(Tex. Crim. App. 1976). . . . . . . . . . 12

Chapnick V. State, 255 S.W. 3d 875, 878
(Tex. App. Houston (14th Dist.) 2000). . . . . . . 4

Day V. State, 534 S.W. 2d 681, 683
(Tex. Crim. App. 1976). . . . . . . . . 11

Draper v. United States, 358 U.S. 307, 310,
79 S.Ct 329, 331 (1959). . . . . . . . 3, 4

Dunaway v. New York, 442 U.S. 200, 213, 99 S.Ct. 2248, 2257 (1979) . . . . . . . . 3

Eisenhauer v. State 754 S.W. 2d 159, 164 (Tex. Crim. App. 1988) . . . . . . . 5

Givens v. State, 949 S.W. 2d 449, 451 (Tex. App. Forth Worth 1997) . . . . . . 6

Gragg v. Cuyuga Indep. Sch. Dist., 539 S.W. 2d 861, 866 (Tex. 1976), appeal dismissed, 97 S.Ct. 479 . . . . . 10

Grunsfled v. State, 813 S.W. 2d 158, 166 (Tex. App. Dallas 1991) . . . . . . . 10

Guzman v. State, 955 S.W. 2d 85, 87 (Tex. Crim. App. 1987) . . . . . . . 4, 5

Harris v. City of Fort Worth, 180 S.W. 2d 131, 133 (Tex. 1944) . . . . . . . . 10

Hart v. OBrien, 127 F. 3d 424, 444 (5th Cir. 1997) . . . . . . . . 4

Hughes v. State, 24 S.W. 3d 833, 838 (Tex. Crim. App. 2000) . . . . . . 3, 4

Johnson v. State, 912 S.W. 2d 227, 235 (Tex. Crim. App. 1995) . . . . . . . 3

Jones v. State, 949 S.W. 2d 509, 514 (Tex. App. Fort Worth 1997) . . . . . . 4

Lunde v. State, 736 S.W. 2d 665, 667 (Tex. Crim. App. 1987) . . . . . . . 5

McCray v. Illinois, 386 U.S. 300, 304, 87 S.Ct. 1056, 1059 (1967) . . . . . . 3

vii

Radcliff v. State, 289 S.W. 1022, 1075 (Tex. Crim. App. 1926) . . . . . . . . 11

State v. Ballard, 987 S.W. 2d 889, 892 (Tex. Crim. App. 1999) . . . . . . . 3

United States v. Granado, 302 F.3d 421, 424 (5th Cir. 2002) . . . . . . . . . . 16

United States v. Miller, 146 F.3d 274, 278 (5th Cir. 1998) . . . . . . . . . . 15

Whiteley v. Warden, Wyoming State Penitentiary 401 U.S. 560, 564, 915 S.Ct. 1031, 1035 (1971) . . . . 5

## Other sources

American Heritage Dictionary . . . . . 12, 13

Barton (3rd edition) P. 342 . . . . . 9

Black's Law Dictionary . . . . . . 12

Black's Law Dictionary 1275 (5th ed. 1979) . . 16

## Statement Regarding Oral Argument

It is only to say why I believe 11th court of appeals is wrong for affirming the judgment of the trial court. Also to state this Petition they denied as well on Appellant pro se rights.

## Statement of the Cases

This is pitition, for Discretionary Review From the 11th Court of Appeals. The appeal is from 35th Judicial District Court, Brown county, Texas in which I the Appellant was inclicted in Cause Number, CR21838 for unlawful possession of a firearm, a third degree felony, and in cause Number, CR21977 for possession of a controlled substance with intent to deliver, a first degree felony. On June 10, 2013, a pretrial motion to suppress evidence was hearing heard in the 35th District Court. At the so called conclusion of evidence and the taking of testimony, the motion to suppress was denied. on July 22, 2013, a jury trial commenced in the 35th District Court. A verdict was rendered on July 24, 2013, of guilty on both charges. I, the Appellant pro se elected for the court to assess punishment, and after a hearing the court assessed punishment of ten(10) years on CR21838, unlawful possession of a firearm, and life in prison on CR21977, Possession

(1)

of a controlled substance with the intent to deliver. motion for new trial and notice of appeal were timely file. This Pitition is of a Appellant pro se, ~~xxxxx~~ belief 11th Court of appeals ~~xx~~ error in affirming, trial courts denial of motion to suppress.

## Statement of Procedural History

The opinion of the 11th Court of appeals was filed and handed down June the 18, 2015. As far as a motion for a rehearing the lawyer Perry B. Sims never filed for one.

## Ground for Review

The trial court erred in denying appellants pro se Motion to suppress Evidence, 11th Court of appeals erred in affirming the trial court. 11th Court of appeals had the chanch, appellant pro se Case Number: 11-13-00283-cv and 11-13-00284cv to see what ground I requested reviewed. Instead they took this so-called "lawyer" Perry B. Sims stuff over every thing. Court of Criminal appeals of Texas, I only requesting to present this Petition to get the honest opinion of the state of Texas

## argument

First issue on this ground. What is the standard

(2)

under Texas law to seize a Citizen without benefit of warrant?

Both the fourth Amendment of the united States Constitution, and Art 1 § 9 of the Texas Constitution require that every "traditional" or "Custodial" arrest, weather made with or without a warrant, be based upon probable cause. Dunaway v. New York, 442 u.s. 200, 213, 99 S.Ct. 2248, 2257 (1997); Draper v. United States, 358 u.s. 307, 310, 79 S.Ct. 329, 331 (1959); State v. Ballard, 987 S.W. 2d 889, 892 (Tex. Crim. App. 1999); Johson V. State. 912 S.W. 2d 227, 235 (Tex. Crim. App. 1995)

Probable cause for an arrest requires that, at the moment of arrest, the fact and Circumstances within the knowledge of the arresting officer and of which the officer has reasonably trustworthy information would justify a paticular reasonable and prudent person in believing that a paticular person has committed or is committing a crime. McCray v. Illinois, 386 u.s. 300, 304, 87 S.Ct. 1056, 1059 (1967); Beck v. State of Ohio, 379 u.s. 89, 91, 85 S.Ct. 223, 225 (1964); Hughes V. State, 24 S.W. 3d 833, 838 (Tex. Crim. App. (2000)

Implicit in the term "proable cause" is the

(3)

fact that it deals with "probabilities". Draper v. United States (as shown agin); Chepnick v. State, 2 S.W. 3d 875, 878 (Tex. App.-Houston [14th Dist.] 2000), Pet. ref'd; see Hart v. O'-Brien, 127 F.3d 424, 444 (5th Cir, 1997) [probable cause requires a showing of only the probility of criminal activity]. It is a flexible, "common-sense standard." Jones v. State, 949 S.W.2d 509, 514 (Tex. App.-Fort Worth 1997), No Pet.) the requirement of which are "not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent [Persons], not legal technicians, act", Draper v. United States, supra, 79 S.Ct. at 73; Guzman v. State, 955 S.W. 2d 85, 87 (Tex. Crim. App-1997)

Although the existence of probable cause need not be sufficient to prove guilt beyond a reasonable doubt, Draper v. United States, supra, 79 S.ct. at 332 or even by a preponderance of the evidence, ~~~~ Hughes v. State, supra, at 838-839, the mere inarticulate" hunch, suspicion or good faith percep-

(4)

tion" of the arresting officer is not sufficient to constitute probable cause, Lunde v. State, 736 S.W. 2d 665, 667 (Tex. Crim. App. 1987).

The same standard used to determine whether there was probable cause for a magistrate's issuance of an arrest warrant is applied to determine whether an officer had probable cause to arrest without warrant. Whiteley v. Warden, Wyoming State Penitientiary, 401 U.S. 560, 564, 91 S.Ct. 1031, 1035-1036 (1971). Evaluating the sufficiency of the information under the Fourth Amendment, Guzman v. State, supra, [it must be determind whether the facts, when taken as a whole, were sufficient to create probable case], and Art 189 Eisenhauer v. State, 754 S.W. 2d 159, 164 (Tex. Crim. App. 1988), cert. denied, 109 S.Ct 127, the "totality of the circumstances" must be considered to determine whethers there was a "substantial basis" for concluding that probable cause existed at the time of the arrest. Id., [test is the

(5)

same under Fourth Amendment, ~~[illegible crossed out]~~ art 159 and Texas code of Criminal Procedure].

 In determing whether probable cause existed at the time of a warrantless arrest, only the facts Known to the arresting officers when the arrest was made may be considered. Facts discovered or Knowledge acquired subsequent to the arrest may not be utilized retrospectively to establish probable cause at the time of the arrest. Amores v. State, 816 S.W. 2d 407, 415 (Tex. Crim. App. 1991) [lack of probable cause cannot be cured by bolstering there arrest with evidentiary fruit illegally seized]; Givens v. State, 949 S.W. 2d 449, 451 (Tex. app. — Fort worth 1997), Pet. ref'd. [Lack of probable cause is not cured by the subsequent discovery of illegal contraband]; Atkinson v. State, 848 S.W. 2d 813, 815 (Tex. app. Houston [14th Dist] 1993), no pet. ["Probable cause is determined based upon the legal significance of the fact known to the officer at

(6)

the time of the arrest, and facts coming to lights after the arrest going to establish guilt would not be relevant to show proable cause"

As a Texas Peace officer, Brown Countys investigator Carlyle Gover, is bound by United States Constitution, the Constitution of the State of Texas, and the Texas Rules of Criminal Procedure. In lieu of a warrant, a Texas Peace officer must have probable cause to believe a crime has been committed. Mere suspicion, good faith in a "hearsay" confidential informant or inarticulatable hunch are insufficient. At the moment that investigator Carlyle Gover realized that the vehicle that he was pursuing was showing no sign of action of danger to any citizen of Texas, or to himself (11th Court of appeels

(7)

show case ~~comparison~~ comparison of danger, I have no violent history), no sign of Appellant doing anything with the drug (Back pack), like showing drugs come in or out of ~~back~~ the back pack, or seeing Appellant tring to hide it, get rid of it, throw it away, nothing in that manner. There is no traffic ~~vio~~ violation taking place, investigator Carlyle Gover knows were Appellant's red truck is with flat tire. Investigator could get a warrant and gone the United States 5th Amendment (due process) way, but instead when a traffic stop is made for the primary purpose of facilitation of further investigation such action has taken on the "common moniker" of a pretextural arrest. A pretextural arrest mean a custodial arrest for some minor offense that is made for the purpose of obtaining evidence of a more serious offense when

(8)

there is no probable cause to arrest for a search for evidence of a more serious offense. Texas search and seizure, 3rd edition, Barton, P. 342. Conceding the existence of the doctrine, whether an arrest is a "pretext" arrest should be ~~determined~~ determined under the fourth amendment from an evaluation of the objective reasonableness of the officer's conduct and not from an examination of the officer's subjective motivation, Arkansas v. Sullivan, U.S., 121 S.Ct. 1876, 1878 (2001 Per ~~Curin~~ Curium).

Second issue on this ground: How should "obscured" or "covering" be interpeted ~~in~~ in the contex of section 504,945 of the Texas Transportation Code?

The function of the Court, in construing a provision or amendment is to ascertain and give effect to the intent of the framers and the people who ~~do~~ adop

(9)

ted it. Gragg v. Cayuga Independent School District, 539 S.W. 2d 861, 866 (Tex. 1976) appeal dismissed, 97 S. Ct. 479. In carring out this function the court should consider the object sought to be accomplished by the adoption of the provision. Harris v. City of Fort Worth, 180 S.W. 2d 131, 133 (Tex. 1944)

To assist the court in construing statutory provison, the Texas Legislature has codified it's rules of construction in the Code Construction Act, Tex. Gov't Code Ann. §311. 001, et cetera, (vernon 2005). The Act applies to each code enacted by the 60th or subsequent legislature. Tex. Gov't Code Ann. § 311.001. The Code Construction act is applicable to the Code of Criminal Procedure. Grunsfled v. State, 813 S.W. 2d 158, 166 (Tex. app. Dallas 1991), writ'd. words and phrases shall be read in context and construed according to the rule of grammar and common usage. Tex. Gov't Code Ann. § 311.011 (a) words and phrases

(10)

that acquired a technical or particular meaning whether by legislative definition or otherwise shall be construed accordingly. Tex. Gov't Code Ann. §311.011(b). The court's function is to interpret the law as enacted by the legislature. They cannot create offenses, nor can they supply matters that the legislature, by inadvertence or otherwise has omitted, Radcliff v. State, 289 S.W.1072,1075(Tex.Crim.App.1926). In construing a statute; it's subject matter, it's reason, and it's effect must be looked to. When literal enforcement would lead to consequences the legislature could not have contemplated, the courts are bound to presume that such consequences were not intended and must adopt a construction that will promote the purpose for which the legislation was passed. Day v. State, 534 S.W.2d 681,683(Tex. Crim.App.1976). When interpreting a ~~statute~~ statute, the Legislature must be presumed to have meant what it said, and the court

(11)

must give effect to the plain meaning of the statute. Only if the plain language of the statute would lead to absurd result, or if the language is not plain, but abiguous, may the court resort to any extra-textual factor Like ~~logists~~ legislative history administrative interpretation. Boykin V. State, 818 S.W. 2d ~~781, 786~~ 782, 785 (Tex. Crim. App 1991) m.d.r. denied. (1991

In the Texas District and County Attorneys Association (TDCAA), Traffic Stop (2014 edition) P. 8 shows license plate and registration violations. Texas Transportation Code § 504.945: Driving with wrong, fictitious, altered, or obscured license plate. Investigator Gover claim he appropriately stopped a truck for having an obscured license plate.

In the coffield unit law library, there is a Black's law Dictionary on the word "obscured" it state: covered over (1), dim, dark, gloomy: as, an obscure corner (2), not easily seen; not clear or distinct: as obscure figure (3).

In the American Heritage Dictionary ~~✕~~

(12)

"obscured" states: To make dim or unclean(1), To conceal or cover(2).

In the American Heritage Dictionary, "Cover" or "covering" states: ~~to~~ To place something upon, over, or in front of so as to protect, shut in, or conceal(1) something that screens, conceals, or disguises(2)

Back to the Texas District and County attorney Association (TDCAA), on License Plate Registration Violation, it give what was called important issues on the same page were Tex~~to~~ Tran. Code 504.945 is located. This is the statement that coincide with claim of trial court erred in denying Appellant pro se motion to suppress evidence. "Crime to drive with a coating, covering, ⊗protective substance or other material ~~that~~ distorts angular visibility, Alters or ~~do~~obscures half or more of the name of the state, or alters or obscures the plate's letters or numbers.

Court of Criminal Appeals of Texas,

(13)

this will be the closing of argument. The "ANGULAR VISIABILITY" of the license plate will only be obscured, from this slight convex bind, that displayed in defendants exhibit (now appellants pro se petition's exhibit). When, a spectator comes closer to the rear passenger side of the vehicle, it is at that point, of time and place, that the sight and understanding of the license plate will honestly be obscured.

Now, to change the "angular visiability" perspective, from appellants pro se petition's exhibit, of the license plate, to the Investigator Gover, sitting in the drivers seat, following the cargo van. The question is, can the Investigator construe the reading, of the license plate? With the "angular visiability" perspective still in mind, and Investigator under pursuit, from one side of town to another, would construe reading of the license plate be possible? Last question, is under

hot pursuit per se, evading arrest in a motor vehichle, would Investigator Gover been able to construe the reading, of the license plate, so that no matter what happed to the pursuing Investigator a warrant would come out for the owner of the cargo van?

In prior decisions, the United States Court of Appeals Fifth Circuit has required that the Texas Transportation Code strictly construed, opining that it would be strained to infer that a particular reference in the Transportation Code creates of violations for all uses that are not explicitly authorized. United States v. Miller, 146 F.3d 274, 278 (5th Cir. 1998). In interpreting the Texas Transportation Code, the court requires a plain reading of the statute and supporting evidence of prior finding of a broader interpretation that would be implicit in a plain reading. Id at 278-279

(15)

Following miller, the ~~Fifth~~ Fifth Ciruit a-gin opined that Sections of the Texas Transportation Code should be strictly construed. United State v. Granado, 302 F.3d 421, 424 (5th Cir. 2002). Strict construction does not authorize perversion of language or exercise of inventive powers. Hardy v. Hardford Insurance Company, 236 F.3d 287, 291 (5th Cir, 2001). The rule of "strict construction" means that a criminal statute will not be enlarged by implication or intendment beyond fair meaning of language used and will not be held to include offenses other than those that are clearly described and provided for. Black's Law Dictionary 1275 (5th ed. 1979)

In analyzing this Texas statute, the court found that there was no "coating, covering, or protective material" disturbing angular visibility when the physical object in question was a license plate frame since the the statue did not specifically address the

(16)

use of a license plate frame, the use of a ~~license~~ license plate frame was not a violation of Texas law. The Fifth Circuit opined in both Miller, and Granado that Sections of the Texas Transportation Code should be strictly construed. The section the state brought up in those cases, are not the same as this section 504.945 brought up in this pitition, but the phrase "strictly construed", or "strict construction" is. There is no covering (or slight convex bind) in that picture of license plate shown in pititions exhibit that, distorts angular visibility,... or alters or obscures the plate's letters or number.

## Conclusion

Every seizure must be based upon probable cause. Probable cause requires knowledge that a law is or has been violated

prior to the seizure itself. In the instant case, the investigator Gover, from the to hear-say that confidential informant knew of a law violation in process. When he a observed the actions of myself, (the appellant under prose representation) there was no sign of law violation, no sign of drugs or danger, the very moment a Texas Transportation code violation claim took place it made shame out of Texas tradition of hardworking man, and honest justice. The investigator Gover is obliged at all time by strict construction statute of both Fourth Amendment of the United States Constitution, and Art. 159 of the Texas Constitution, all actions must be of probable cause, even that of warrants. Any further action of contact, discovery of evid

(18)

ence, or information obtained would be subject to suppression.

## Prayer for Relief

To the "Court of Criminal Appeals of Texas", what this pitition says is not what 11th Court of appeals claims I said. See I did the pro se on civil appeal no. 11-13-00284CV, and no. 11-13-00283CV. I had three ~~grounds~~ grounds my first one was court error when denied motion to suppress. (I am submitting the 11th Dist. Court of appeals Memorandum opinion, as a pitition exhibit to show on page 3 they chose to not hear what I am saing on this pitition) 11th Dist. Court of ~~appeals~~ appeals took what that "so-called" lawyer Perry B. Sims said, and threw it over my civil. So they never even gave there opinion of judgment on what's submitted in

(19)

my brief or my Reply to the state's brief. So I request this court to review this pitition, and only if beyond a ~~reasonable~~ reasonable doubt that it is true that the court error when denied motion to suppress, do I request Court of Criminal Appeals of Texas, to Reverse the affirming, the 11th ~~Dist~~ Dist. Court of appeals did on the judgment of the trial court. I am not asking for the two criminal cases to remand for new trials on the merits. Those Letters of the "socalled" lawyer Charles W. King (who I paid $10,000) wrote to Judge and D.A., That broke T.R.E. 503(c) (lawyer clint priv.) The Judge, ~~D.A.~~ D.A. and lawyers had no respect or fear ~~for~~ for the state of Texas, for they let ~~this cor~~ ~~so~~ these ~~s~~ cases go on in ~~this~~ that manner. Please Revers the Judgment of the Trial Court and Grant Motion to Suppress.

(20)

# Inmate Declaration

I, Marc Shawn Walden, being currently incarrcerated in the TDCJ at the H.H. Coffield unit in Tennessee Colony, Anderson County, Texas, declares under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, and if this Pitition has made it this far I am very surprized, I ceap having this feeling of duress like a "catch 22"

Executed on this 24th day of July, 2015

Respectfully Submitted under duress

Marc Shawn Walden

TDCJ-ID#1874724
H.H. Coffield Unit
2661 F.M. 2054
Tennessee Colony,
Texas
-75884-

written copy
U.S. Mailed
to

Court of Criminal
appeals of Texas

(21)

Exhibit
   #1

Photos:
A) of me the Appellant pro se
B) of Texas License Plate, claimed to be obscured
map of location of traffic stop
Letter June 6, 2013 from my so-called lawyer
to Judge and D.A,
Letter June 13, 2013 sent to me "Rest assu-
red" its hard to rest under duress
Letter July 17, 2013 from my so-called lawyer
to Judge and D.A. agin,
(I do not trust Brownwood no more they
have no respect of const. rights, Please do
not send me back to Brownwood agin.
Just look at Exhibit Photo.)

Exhibit
   #1



DEFENDANT'S EXHIBIT



STATE'S
EXHIBIT
2l

PENGAD 800-631-6980

SCALE IN FEET

0    100    200

N

TENNIS COURT

TENNIS COURT

COGGIN PARK

PLAYGROUND

2009

725'

2001

2004

2008

2010

2014

2016

2018

2020

2022

805

80'

2015

2017

2019

2023

2025

2016

2020

2022

AUSTIN AVENUE

PARKWAY

DRIVE

FM 2524

2200

2204

2201

TRAFFIC STOP

THIS PRODUCT IS FOR INFORMATIONAL PURPOSES AND MAY NOT HAVE BEEN PREPARED FOR OR BE SUITABLE FOR LEGAL, ENGINEERING, OR SURVEYING PURPOSES. IT DOES NOT REPRESENT AN ON-THE-GROUND SURVEY AND REPRESENTS ONLY THE APPROXIMATE RELATIVE LOCATION OF PROPERTY BOUNDARIES.

# CHARLES W. KING

**Attorney at Law**
**101 S. Park**
**San Angelo, Texas 76901**
**Telephone: (325) 227-6536**
**Fax: (325) 227-6537**
June 6, 2013

**FILED**
At _____ O'clock \_\_\_\_M

JUN 07 2013

*Jean Brown*
Clerk District Court Brown Co. TX
By _____ Deputy

Fax: (325) 643-6396 and regular U.S. mail
The Honorable Stephen Ellis
Judge Presiding, 35th Judicial District Court
Brown County Courthouse
200 South Broadway
Brownwood, TX 76801

Fax: (325) 643-4053 and regular U.S. mail
District Attorney Michael Murray
Office of the District Attorney, Brown County
200 S. Broadway Street, Suite 323
Brownwood, Texas 76801

**Re:** **Nos: CR21-838 and CR21-977, The State of Texas v. Marc Shawn Walden, 35th Judicial District, Brown County, Texas**

Dear Judge Ellis and District Attorney Murray:

I have recently taken over the Marc Shawn Walden files. I have looked at the Motion to Suppress which is set for June 10, 2013. State contends there was a valid reason for the stop. I looked at the photograph, and there is a number on the license plate which was not visible. The license plate appeared to be bent so a number is obstructed or at least partially obstructed. From there, the officer expressed reasonable suspicion of drugs; and a K-9 was then called.

I have a "Catch 22" in that I do not want to waive my client's rights to have his Motion considered and ruled upon; yet at the same time I am mindful that the Court's time is valuable. Thus, a time announcement would be as minimal as possible on my end.

Respectfully submitted,

*Charles W. King*

Charles W. King

CK/mmm

95

# CHARLES W. KING
### Attorney at Law
### 101 S. Park
### San Angelo, Texas 76901
### Telephone: (325) 227-6536
### Fax: (325) 227-6537

June 13, 2013

Mr. Marc Walden
c/o The Brown County LEC
1050 West Commerce Street
Brownwood, Texas 76801

> **Re: Cause Nos. CR21838 and CR21977, The State of Texas vs. Marc Walden West; 35[th] Judicial District Court, Brown County, Texas**

Dear Marc:

The Court has set the above causes **for Jury Trial July 22, 2013, at 9:00 a.m., with Plea Bargain Deadline June 30, 2013.** I am enclosing a copy of the notices from the Court.

I will be in touch with you. Rest assured, Marc, that in the meantime, I will be working on your matters.

Sincerely,

**Charles W. King**

CWK/mmm
Enclosures
cc:    Mrs. Renae Weathers
       316 Springtree Circle
       Cibolo, TX 78108

# CHARLES W. KING

**Attorney at Law**
**101 S. Park**
**San Angelo, Texas 76901**
**Telephone: (325) 227-6536**
**Fax: (325) 227-6537**

July 17, 2013

Fax: (325) 643-6396
The Honorable Stephen Ellis
Judge Presiding
35th Judicial District Court of Texas
Brown and Mills Counties
Courthouse
200 South Broadway
Brownwood, Texas 76801

Fax: (325) 643-4053
Mr. Micheal B. Murray, District Attorney
35th Judicial District of Texas
200 S. Broadway, Courthouse
Brownwood, Texas 76801

**Nos:** CR21-838 and CR21-977, State vs. Marc Shawn Walden, 35th Judicial District, Brown County, Texas

Dear Honorable Judge Ellis and District Attorney Micheal B. Murray:

I inherited this file from a procession of other defense attorneys; so I just wanted to give the Court and the Prosecutor a quick heads up regarding a few pretrial matters as I am preparing for trial next week.

First, one of the Defendant's theories that he instructed me to introduce at trial is that he was caught with drugs in Brown County because he was assisting Billy Bloom with an undercover investigation against the Zetas. I have checked this story out because I know Billy Bloom from my days as a Prosecutor in Tom Green County. While Billy Bloom does have testimony to offer as far as conversations with the Defendant, he does not substantiate the story of Defendant at all. According to Billy Bloom, there was no agreement for my client to have drugs in his possession. Hence, I cannot/will not advance

a theory or argument that I know to be false. I will ask Mr. Bloom about conversations he had with my client when Mr. Bloom is called; however, I'm not making up facts and defensive theories. My opinion is we could ask Mr. Bloom about these matters until the cows come home, but it will not lead to an agreement that my client was assisting him in an investigation. If my client insists on this course of action, I will approach the bench. I can be his trial counsel and make sure he gets a fair trial, but will not bring frivolous defenses.

Second, I am in the process of filing a very basic Motion in Limine because I cannot tell which pretrial Motions filed by previous defense counsel were granted or ruled upon from the file that I inherited; I will also make a trip to Brownwood on Friday as necessary to look at the Court file/docket sheet. I will be as expeditious with the Court's time as I possibly can. I may not agree with some of the previous pretrial motions; so if they haven't been ruled upon yet, I reserve the right to withdraw some of them.

Third, I do not remember if a record was made of the Defendant's range of punishment for each charge and whether he officially rejected the State's Plea offer on the record at the previous hearing so I would recommend that we take care of that before voir dire.

Last, I have not filed Daubert/Robinson Motions and do not deem it necessary. State's Experts fall in about four categories, Gang Expert, Competency, Fingerprints, Forensic Scientist. As I handle many Federal Cases, I am knowledgeable that Gang Experts are not an exact science. Hence, if an investigator has knowledge, training, and experience in gang cases and can assist the trier of fact, the testimony is allowed. It is not an exact science In other words. There is no board which licenses or certifies gang experts or decides if they are junk science. . I will not file a Daubert/Robinson hearing regarding fingerprint experts. I also will not be filing a Robinson/Daubert Motion for the Competency Expert or Forensic Scientist. I would just ask for a resume or recap of their education, training and experience before the State calls them if that works for you.

If anything else jumps out at me I will glad to confer with you, Mr. Murray. Please feel free to do the same. We can try these cases expeditiously.

Respectfully submitted,

Charles W. King

Exhibit
# 2

A) Eleventh Court of Appeals
MEMORANDUM OPINION
over nos. 11-13-00284-CR ~~CR~~
and
nos. 11-13-00284-CR

B) Eleventh Court of Appeals
MEMORANDUM OPINION
over no. 11-13-00253-CV
and
no. 11-13-00284-CV

( Please just see page three (p. 3) yall
will see what I think is wrong with
not checking my Ground and go the
way like not ~~@~~ a ~~crosscutting~~ affirming
with trial court).

P.S. Just Please file and review.

Exhibit
# 2

Marc Shawn
Walters

Opinion filed June 18, 2015



In The

# Eleventh Court of Appeals

Nos. 11-13-00284-CR & 11-13-00285-CR

## MARC SHAWN WALDEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR21838 & CR21977**

## MEMORANDUM OPINION

The jury found Marc Shawn Walden guilty of the offenses of unlawful possession of a firearm and possession of a controlled substance with intent to deliver.[1] The trial court assessed punishment and sentenced Appellant to confinement for ten years for the conviction of unlawful possession of a firearm and confinement for life for the conviction of possession of a controlled substance

---

[1]*See* TEX. PENAL CODE ANN. § 46.04 (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).

with intent to deliver, to run concurrently, and it assessed a $10,000 fine for each conviction. In his sole issue in each appeal, Appellant asserts that the trial court erred when it denied his motion to suppress evidence. We affirm.

I. *Evidence at Suppression Hearing*

Carlyle Gover, an investigator with the Brown County Sheriff's Office, testified that a confidential informant told him that Appellant had a quantity of methamphetamine for distribution. Investigator Gover believed the informant to be reliable because of successful past dealings with the informant. Investigator Gover heard from the confidential informant that Appellant would be traveling from San Angelo in a red pickup to a specific location in Brown County. Investigator Gover relayed the information to patrol officers, who later advised him that the red pickup, which was registered to Appellant, was at that specific location. The next day, Investigator Gover went to the location and saw the pickup.

After he observed the pickup, Investigator Gover contacted the informant, who told him that Appellant had relocated and that Christopher Johnson, whom Investigator Gover knew to be a narcotics user, was also involved with Appellant's distribution. Investigator Gover was familiar with the second location and knew that a probationer lived there. Investigator Gover testified that Appellant's activities were consistent with narcotics trafficking. Investigator Gover conducted surveillance at the second location and saw someone drive up in a cargo box van. Based on his past experience, Investigator Gover believed that the van belonged to Johnson.

Investigator Gover followed the van, which was later determined to be driven by Johnson. He observed the van at the first location, near the red pickup; and saw Appellant at the first location. Investigator Gover watched Appellant get out of the pickup and get into the van. Appellant retrieved a backpack from the

pickup before entering the van. Investigator Gover watched as the van was driven away, and he continued to follow it. Investigator Gover noticed the license plate on the van was bent in such a way that the first digit of the license plate was unreadable. Because the license plate number was not readable, Investigator Gover could not run the partial license plate number through dispatch and receive a proper response. When Investigator Gover noticed that he could not read the license plate, he initiated a stop of the van. After he stopped the van, Investigator Gover was able to read the complete license plate number; he subsequently contacted the occupants of the van.

When he contacted the occupants of the van, Investigator Gover recognized Appellant and knew that Appellant had a history of distribution of methamphetamine and marihuana. Investigator Gover testified that, at that point in time, based on the information he had received from the informant, on his knowledge of Appellant and Johnson, and on his observations of them, he was concerned that illegal activity was occurring. Investigator Gover talked with Johnson and Appellant and asked to search the vehicle and the backpack; Johnson declined to allow a search of the vehicle, while Appellant declined to allow a search of the backpack.

Investigator Gover immediately requested a canine unit. It took somewhere between five and "less than fifteen minutes" for the unit to arrive. While Investigator Gover waited for the canine to arrive, he looked to see what he could observe in plain view in the van. Investigator Gover saw the backpack that Appellant had transferred from the pickup to the van. Investigator Gover asked Appellant whether the backpack contained anything illegal. Appellant responded that it did not contain anything that he considered to be illegal. Investigator Gover testified that Appellant's response made him even more suspicious of illegal activity. Amanda Benson, the canine officer, arrived with the canine, and the

3

canine alerted to narcotics at the driver's door of the van. The canine subsequently alerted on the backpack. After the canine alerted on the backpack, Investigator Gover discovered methamphetamine and a stolen handgun in the backpack. Investigator Gover subsequently arrested Appellant and Johnson.

## II. *Analysis*

Appellant argues that the trial court erred when it denied his motion to suppress evidence because Investigator Gover lacked probable cause for the traffic stop. Appellant asserts that a bent license plate does not violate the Transportation Code and that, once Investigator Gover satisfied his initial justification for the stop, any further detention was unlawful. We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We must view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We defer to the trial court's findings of historical facts and review de novo the trial court's application of the law. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).

A traffic stop is a seizure and must be reasonable under both the United States and Texas Constitutions. *Davis v. State*, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997). "There need only be an objective basis for the stop; the subjective intent of the officer conducting the stop is irrelevant." *State v. Clark*, 315 S.W.3d 561, 564 (Tex. App.—Eastland 2010, no pet.); *see also Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). An actual traffic violation constitutes probable cause that sufficiently justifies the initial detention. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993), *superseded by rule on other grounds as stated in Granados v. State*, 85 S.W.3d 217, 227–30 (Tex. Crim. App. 2002).

The duration of the detention is reasonable when, under the totality of the circumstances, it lasts no longer than is necessary to effectuate the purpose for the

4

stop. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996); *Florida v. Royer*, 460 U.S. 491, 500 (1983). During a traffic stop, an officer has the right to ask for a valid driver's license, information concerning ownership of the vehicle, proof of insurance, and information concerning the driver's destination and purpose. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004); *Davis*, 947 S.W.2d at 245 n.6; *Caraway v. State*, 255 S.W.3d 302, 307 (Tex. App.—Eastland 2008, no pet.); *Lambeth v. State*, 221 S.W.3d 831, 836 (Tex. App.—Fort Worth 2007, pet. ref'd). The reasonableness of the duration of the stop depends on whether it was necessary to detain the defendant and whether the officer diligently pursued a means of investigation likely to quickly confirm or dispel any suspicion. *Love v. State*, 252 S.W.3d 684, 687 (Tex. App.—Texarkana 2008, pet. ref'd); *Belcher v. State*, 244 S.W.3d 531, 539 (Tex. App.—Fort Worth 2007, no pet.).

To validly prolong a detention beyond the reason for the stop, officers must have reasonable suspicion to believe the person is violating the law, but no additional justification is necessary for a canine sniff that occurs during a lawful traffic stop. *1979 Pontiac Auto. v. State*, 988 S.W.2d 241, 244 (Tex. App.—Eastland 1998, no pet.); *see also Illinois v. Caballes*, 543 U.S. 405, 407–08 (2005); *United States v. Place*, 462 U.S. 696, 707 (1983); *Crockett v. State*, 803 S.W.2d 308, 310 n.5, 311 (Tex. Crim. App. 1991). Reasonable suspicion to detain exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him reasonably to conclude that the person is, has been, or soon will be engaged in criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). We consider the totality of the circumstances when reviewing the record for reasonable suspicion. *United States v. Sokolow*, 490 U.S. 1, 8 (1989); *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

The Texas Transportation Code requires that license plates be legible. *See* TEX. TRANSP. CODE ANN. § 504.945 (West Supp. 2014). When Investigator Gover could not read the first digit on Johnson's license plate, he had probable cause to stop and detain Johnson and Appellant for a traffic violation. *See id.*; *McVickers*, 874 S.W.2d at 664; *see also, e.g., Perez v. State*, No. 10-05-00364-CR, 2006 WL 2507343, at *2 (Tex. App.—Waco Aug. 30, 2006, no pet.) (mem. op., not designated for publication) (holding that officer had probable cause to stop and detain defendant because of apparently defective license-plate light and obscured license plate).

Once the reason for the traffic stop had been fully resolved, Investigator Gover needed reasonable suspicion that criminal activity had occurred, was occurring, or was about to occur, before he could detain Johnson and Appellant further. *See Derichsweiler*, 348 S.W.3d at 914; *see also Place*, 462 U.S. at 709–10. The detention, to be reasonable, required Investigator Gover to diligently pursue a means of investigation likely to quickly confirm or dispel any suspicion. *See Love*, 252 S.W.3d at 687; *Belcher*, 244 S.W.3d at 539.

Investigator Gover's observations of Johnson and Appellant, his knowledge of Johnson and Appellant's history, and the information obtained from the confidential informant provided articulable facts that could have led Investigator Gover to reasonably conclude that Johnson and Appellant were engaged in criminal activity. *See Derichsweiler*, 348 S.W.3d at 914.

Investigator Gover first asked for consent to search the van, which was denied; he then called for the canine, which arrived in less than fifteen minutes. The canine subsequently alerted to narcotics in the van and the backpack. The length of the detention was reasonable because Investigator Gover acted diligently, because he had to detain Johnson and Appellant in order to confirm or dispel his suspicion, and because the canine arrived promptly. *See Love*, 252 S.W.3d at

6

687; *Belcher*, 244 S.W.3d at 539; *see also Place*, 462 U.S. at 709–10. Investigator Gover properly detained Johnson and Appellant. *See 1979 Pontiac Auto.*, 988 S.W.2d at 244. Therefore, the trial court did not abuse its discretion when it denied Appellant's motion to suppress evidence. *See Balentine*, 71 S.W.3d at 768. We overrule Appellant's sole issue in each appeal.

III. <em>This Court's Ruling</em>

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


June 18, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.



In The

# Eleventh Court of Appeals

No. 11-13-00253-CV

$18,325.00 IN U.S. CURRENCY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CV1202050

No. 11-13-00254-CV

2009 GMC PICKUP, VIN NO. 1GTJK83679F188085, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CV1202051

## MEMORANDUM OPINION

These appeals arise from two civil forfeiture proceedings brought by the State against items of personal property belonging to Marc Shawn Walden. The trial court found that the items were contraband under Chapter 59 of the Texas Code of Criminal Procedure and ordered that they be forfeited. *See* TEX. CODE CRIM. PROC. ANN. ch. 59 (West 2006 & Supp. 2014). We affirm.

Appearing pro se, Walden asserts the same three issues in both appeals. In his first issue, he challenges the trial court's denial of his motion to suppress evidence. Walden's defense attorney filed the motion to suppress in his two criminal cases that arose from the same events leading to the civil forfeiture proceedings. In his second issue, Walden alleges ineffective assistance of counsel in the civil forfeiture proceedings. In his third issue, Walden alleges various improprieties on the part of the State and the trial court.

Walden's first issue assumes that the exclusionary rule applies to civil forfeiture proceedings. The Texas Supreme Court has yet to decide this question. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in United States Currency ($90,235.00)*, No. 08-09-00151-CV, 2014 WL 5798177, at *5 (Tex. App.—El Paso Oct. 22, 2014, no pet.); *see State v. $217,590.00 in United States Currency*, 18 S.W.3d 631, 632 (Tex. 2000) (where the court noted that it had not decided the issue and assumed without deciding that the rule applied because the parties had presumed the rule applied to the case). Solely for the purpose of our analysis in this case, we will assume, but do not decide, that the exclusionary rule applies to a forfeiture proceeding. *See Ninety Thousand Two Hundred Thirty-Five Dollars*, 2014 WL 5798177, at *5.

The civil forfeiture proceedings arise out of an episode resulting in Walden being charged and convicted of the offenses of unlawful possession of a firearm and possession of a controlled substance with intent to deliver. The hearing in the

2

forfeiture proceedings occurred immediately after the criminal proceedings concluded. The hearing in the forfeiture proceedings began with the trial court taking judicial notice of the evidence offered in the criminal proceedings. The remainder of the hearing in the forfeiture proceedings consisted of the trial court considering a brief presentation of additional testimony and receiving arguments of counsel.

Appearing through counsel, Walden has appealed his convictions for unlawful possession of a firearm and possession of a controlled substance with intent to deliver. These appeals bear our Cause Nos. 11-13-00284-CR and 11-13-00285-CR. In the appeal of each criminal conviction, Walden asserts a single issue alleging that the trial court erred when it denied his motion to suppress evidence. We are issuing an opinion today overruling Walden's challenge to the denial of his motion to suppress. Our disposition of this challenge in the criminal appeals is dispositive of his first issue in the appeals from the civil forfeiture proceedings. We incorporate our analysis and cited authority in the opinion in Cause Nos. 11-13-00284-CR and 11-13-00285-CR by reference. Walden's first issue is overruled.

In his second issue, Walden argues that he received ineffective assistance of counsel in the civil forfeiture proceedings. A claim of ineffective assistance of counsel is not a basis for seeking affirmative relief from a civil forfeiture order. *See Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (Complaints regarding the ineffectiveness of counsel clearly have no relevance or application to a civil forfeiture proceeding.). Accordingly, Walden's second issue is overruled.

In his third issue, Walden alleges various improprieties on the part of the State and the trial court. It appears that he is asserting that the State and trial court failed to police the actions of his attorney to ensure that Walden received effective assistance of counsel. We have previously noted that a claim of ineffective

3

assistance of counsel has no application to a civil forfeiture proceeding as a remedy for seeking relief from a forfeiture order. Walden has not cited any authority, and we have found none, that supports a right to relief from a civil forfeiture order based upon the conduct of the State or the trial court. Walden's third issue is overruled.

We affirm the judgments of the trial court.


JOHN M. BAILEY
JUSTICE


June 18, 2015
Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4